UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PATRICK JOSEPH,

        Petitioner,
  v.

M. BRECKON,

        Respondent.

9:17-CV-0688
(GTS)

---

APPEARANCES:

PATRICK JOSEPH
Petitioner, pro se
31398-004
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

HON. GRANT C. JAQUITH
Acting United States Attorney
Northern District of New York
Attorneys for Respondent
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261

OF COUNSEL:

CHARLES E. ROBERTS, ESQ.
Assistant United States Attorney

GLENN T. SUDDABY
Chief United States District Judge

## **DECISION AND ORDER**

**I.**     **INTRODUCTION**

    Petitioner Patrick Joseph, presently confined at the Federal Correctional Institution in Ray Brook, New York, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Memorandum of Law ("P. Mem."); Dkt. No. 1-2, Exhibits. Respondent filed a response, and petitioner filed a reply. Dkt. No. 6, Response; Dkt. No. 7, Reply.

For the reasons that follow, the petition is dismissed.

## II. RELEVANT BACKGROUND

### A. The Conviction and Sentence at Issue

In December 2003, in the United States District Court for the Southern District of Florida, petitioner and others were charged by indictment with one count of conspiracy to possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, as well as one count of attempted possession with intent to distribute on a different date. Dkt. No. 1-2 at 24-27, Indictment; *see also United States v. Joseph*, No. 0:03-CR-60278 ("*Joseph*"), Dkt. No. 22, Indictment.[1]  On February 12, 2004, following a jury trial, petitioner was found guilty of the second count of the indictment, charging him with attempted possession with intent to distribute at least 500 grams of cocaine. Dkt. No. 1-2 at 36, Judgment in a Criminal Case; *Joseph*, Dkt. No. 91, Verdict.

In advance of sentencing, the United States Probation Office prepared a presentence investigation report ("PSR"). Dkt. No. 1-2 at 58. The PSR reflects that petitioner's criminal history included convictions for battery (1990), trafficking in cocaine and conspiracy to traffic in cocaine (1990), illegal reentry of a deported alien (1997, following his deportation after his trafficking convictions), and battery on a police officer (1998). Dkt. No. 1-2 at 69-74. The PSR recommended that petitioner be sentenced as a career offender under the United States Sentencing Guidelines, concluding that

---

[1] Citations to the filings in this case, as well as in petitioner's criminal prosecution in the Southern District of Florida, refer to the pagination generated by CM/ECF.

> [a]ccording to [U.S.S.G.] § 4B1.1(a), the defendant is considered a career offender because he was at least 18 years old at the time of the instant offense, the instant offense is a controlled substance offense, and the defendant has at least two prior felony convictions of a controlled substance offense and a crime of violence. The defendant was convicted on September 16, 1991, for trafficking in cocaine and conspiracy to traffic in cocaine and on July 10, 2001, for battery on a police officer. Since the statutory maximum penalty for the instant offense is life, the offense level is 37, § 4B1.1(b).

*Id.* at 68-69. The PSR concluded that, based on the total offense level and petitioner's criminal history, the guideline imprisonment range was 360 months to life imprisonment. *Id.* at 80.

On March 31, 2004, through counsel, petitioner submitted objections to the PSR, arguing, among other things, that he should not be sentenced as a career offender. *Id.* at 51-53; *Joseph*, Dkt. No. 101 at 6-8. On April 22, 2004, the district court sentenced petitioner to 360 months imprisonment. Dkt. No. 1-2 at 37; *Joseph*, Dkt. No. 110, Criminal Minutes; Dkt. No. 112 at 2, Judgment in a Criminal Case.

### B. Petitioner's Direct Appeal

Petitioner appealed his conviction and sentence, and the United States Court of Appeals for the Eleventh Circuit affirmed the judgment. *United States v. Joseph*, 140 F. App'x 107 (11th Cir. 2005) (per curiam), *cert. denied*, 546 U.S. 950 (2005). The Eleventh Circuit rejected petitioner's argument that the district court violated his rights under the Sixth Amendment and *United States v. Booker*, 543 U.S. 220 (2005), "by finding he was a career offender under the sentencing guidelines based on facts that were neither found by a jury nor admitted by him." *Joseph*, 140 F. App'x at 111. Because petitioner had "failed to raise this issue before the district court," the Eleventh Circuit reviewed his claim for plain error. *Id.*

Explaining that the government need not allege or prove beyond a reasonable doubt that a criminal defendant had prior convictions for a district court to use those convictions to enhance the sentence imposed (and thus that the district court did not "commit a *Booker* constitutional error"), the Eleventh Circuit found that the district court committed a "*Booker* [statutory] error" by sentencing petitioner "under a mandatory Guidelines scheme[.]"  *Id.* (internal quotation marks omitted).  However, because petitioner failed to identify "anything in the record to suggest that" the sentencing court would have given him a lower sentence if it applied the Guidelines in an advisory, rather than mandatory, fashion, the Eleventh Circuit concluded that he failed to demonstrate "that his substantial rights were affected by the *Booker* statutory error."  *Id.*

    **C.**    **Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255**

In October 2006, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.Dkt. No. 1-2 at 91-116; *see also Joseph v. United States*, Dkt. No. 0:06-CV-61522-WPD, Dkt. No. 1, Motion; Dkt. No. 3, Memorandum of Law.  Petitioner argued, among other things, that he was improperly sentenced as a career offender because (a) his earlier conviction for battery on a law enforcement officer (Fla. Stat. § 784.03(1)) did not qualify as a crime of violence under U.S.S.G. §§ 4B1.1 and 4B1.2, and (b) his earlier cocaine trafficking convictions (Fla. Stat. § 893.13) were "non-countable prior offense[s]" because the "prior judgment failed to cite the specific sub-section of 893.13 which [he] was alleged to have violated" and the term "trafficking" is "not a substantive term specifically enumerated in § 4B1.2(b)."  Dkt. No. 1-2 at 106-113.

4

On October 27, 2006, the Southern District of Florida denied petitioner's § 2255 motion. Dkt. No. 1-2 at 118-123, Final Judgment and Order Denying Motion to Vacate. With respect to his sentencing claim, the district court noted that petitioner failed to object at the time of sentencing that battery on a police officer qualified as a crime of violence, "particularly where . . . [he] bit a deputy, lacerating two of the deputy's fingers." *Id.* at 122. Moreover, the district court noted that petitioner failed to object to the PSR's conclusion that he sold one kilogram of cocaine to an undercover officer in 1990, resulting in his trafficking convictions. *Id.* In any event, the district court reasoned, "[t]he absence of an element to manufacture, distribute, or possess with intent to manufacture or distribute does not prevent [t]rafficking from being a serious drug offense under the Armed Career Criminal Act" ("ACCA"), and if "an intent can be inferred from the amount of drugs possess[ed] for the purposes of the ACCA," the same intent "can also be inferred" for career offender purposes under the Guidelines. *Id.*

### D.     Petitioner's Application to File a Second or Successive § 2255 Motion

In July 2010, petitioner filed with the Eleventh Circuit an application to file a second or successive § 2255 motion. The Eleventh Circuit denied petitioner's application. Dkt. No. 1-2 at 125-27; *see also In re Joseph*, No. 10-13343-F, filed Aug. 6, 2010. More specifically, to the extent that petitioner argued that his conviction of battery of a law enforcement officer did not qualify as a violent felony for career offender sentencing in light of *Johnson v. United States*, 559 U.S. 133 (2010), the Eleventh Circuit rejected this claim because the Supreme Court did not "state that [*Johnson*] was retroactive to cases on collateral review." Dkt. No. 1-2 at 126. The Eleventh Circuit concluded that the remainder of petitioner's proposed claims were not predicated on newly discovered evidence or a new, previously unavailable rule of constitutional law made retroactive on collateral review, as required by 28 U.S.C. § 2255(h). *Id.* at 126-27.

### E. Petitioner's Second Application to File a Second or Successive § 2255 Motion

On June 6, 2016, petitioner filed with the Eleventh Circuit a second application to file a second or successive § 2255 motion. *In re Joseph*, No. 16-13289, filed June 6, 2016. On July 15, 2016, the Eleventh Circuit denied petitioner's application. *Id.*, No. 16-13289-J, filed July 15, 2016; *see also* Dkt. No. 1-2 at 129-36. The Eleventh Circuit rejected petitioner's claim that his battery conviction did not constitute a crime of violence in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the ACCA is unconstitutionally vague), because the Sentencing Guidelines "do not establish the illegality of any conduct" and thus cannot be unconstitutionally vague. Dkt. No. 1-2 at 130-34. Moreover, the Eleventh Circuit reiterated its earlier holdings that *Johnson* is not retroactive "for purposes of filing a successive § 2255 motion raising a *Johnson*-based challenge to the Sentencing Guidelines." *Id.* at 134. Finally, the Eleventh Circuit found petitioner's argument that his trafficking convictions did not qualify as controlled substance offenses under the career offender provision of the Sentencing Guidelines was foreclosed by its earlier holdings that U.S.S.G. § 4B1.2(b) does not require that the predicate offense contain a *mens rea* element "with respect to the illicit nature of the controlled substance[.]" *Id.* at 135 (citing *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014)).

### III. THE PETITION

Petitioner commenced this action pursuant to 28 U.S.C. § 2241, invoking § 2255(e)'s "savings clause." Pet. at 1-2, 5; P. Mem. at 6-8, 10-11 (citing *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997)). Petitioner asserts that he is entitled to relief because neither his trafficking conviction nor his battery conviction under Florida state law constitute a "crime of

6

violence" or "controlled substance offense" under U.S.S.G. § 4B1.1, and he is therefore "actually[] and/or[] legally innocent of being a career offender." Pet. at 6-7; *see also* P. Mem. at 26-35. He argues that his sentence as a career offender is improper in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and that his challenge is properly brought pursuant to §§ 2241(c)(3) and 2255(e) because he cannot "hurdle the stringent gate-keeping requirements of [§] 2255." P. Mem. at 11-16, 19-21; *see also* Reply at 6-8. Moreover, petitioner argues that he "never admitted to the facts, circumstances or basis of" the trafficking predicate offenses, and that offense was not sufficiently established by reference to *Shepard* documents. *Id.* at 18, 22, 31 (citing *Shepard v. United States*, 544 U.S. 13 (2005)).

In response, respondent argues that (1) the petition is a second or successive § 2255 petition, (2) the remedy provided for in § 2255 is not inadequate or ineffective, (3) petitioner's arguments that have already been rejected by the sentencing court or the Eleventh Circuit are law of the case, and (4) to the extent that petitioner advances any new arguments regarding why he should not have been sentenced as a career offender, he must seek leave to file a second or successive petition with the appropriate court of appeals (that is, the Eleventh Circuit). Dkt. No. 6 at 9-12.

**IV.   DISCUSSION**

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. See 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.'" *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011)

7

(quoting 28 U.S.C. §2255(a)); *accord, Adams*, 372 F.3d at 134.  A motion pursuant to § 2255 must be brought in the sentencing court.  *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (holding that section 2255 directs claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case"); *Williams v. Winn*, No. 4:05-CV- 40100, 2005 WL 1541099 at *1 (D. Mass. June 30, 2005) ("[As] Section 2255 is the correct vehicle for challenging the legality of a sentence . . . this Court is without jurisdiction under section 2241 to correct petitioner's sentence.").  If the motion is denied, a petitioner may seek to appeal the district court's decision in the appropriate court of appeals for the district of sentencing. Rule 11, Rules Governing Section 2255 Proceedings For the United States District Courts ("Section 2255 Rules"); Fed. R. App. P. 4(a) (governing time to take an appeal); Fed. R. App. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings").

By contrast, § 2241 is the proper vehicle to challenge the execution of a sentence. *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241.  For example, a petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions.  *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).  Petitions filed under § 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

Here, as petitioner acknowledges, he is challenging the legality of his sentence.  *See* Pet.; P. Mem.  Ordinarily, then, petitioner's claims for relief should have been brought

8

pursuant to § 2255.  As he concedes, petitioner has already filed a motion pursuant to § 2255, which the Southern District of Florida denied.  Dkt. No. 1-2 at 118-123, Final Judgment and Order Denying Motion to Vacate.  Because petitioner had a previous § 2255 motion denied on the merits, this petition is second or successive.[2]  When a petitioner files a § 2241 petition

> in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the appropriate Court of Appeals] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction.

*Adams*, 372 F.3d at 136 (citations omitted).  Moreover, petitioner has already twice sought leave to file a second or successive § 2255 motion, and the Eleventh Circuit–the proper forum for such a request–denied both applications.  Dkt. No. 1-2 at 125-27, 129-36.

In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under § 2241 if he or she can show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his [or her] detention."  28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman*, 124 F.3d at 373-74).  The Second Circuit

---

[2] Ordinarily, when a district court recharacterizes a pro se petitioner's filing "as a first § 2255 motion[,]" the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."  *Castro v. United States*, 540 U.S. 375, 383 (2003) (emphasis added).  The notice requirements do not apply to federal prisoners, like petitioner, who had one or more prior § 2255 motions dismissed on the merits because petitioner is already subject to the gate keeping provisions that require certification from the appropriate court of appeals before any second or successive motion may be considered by the district court.  *Adams*, 372 F.3d at 136; *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002).

9

discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove actual innocence on the existing record, and (2) could not have effectively raised [his or her] claim[s] of innocence at an earlier time." *Cephas*, 328 F.3d at 104 (internal quotation marks omitted) (quoting *Triestman*, 124 F.3d at 363); *see Adams*, 372 F.3d at 135 (holding that the remedy under § 2255 is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition"); *Triestman*, 124 F.3d at 376 ("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' . . . then Congress would have accomplished nothing at all in its attempts–through statutes like the AEDPA–to place limits on federal collateral review.").

Here, to the extent that petitioner argues that his state trafficking and battery convictions cannot serve as predicate offenses for career offender sentencing purposes because the sentencing court did not consult any *Shepard* documents to ensure that those convictions qualified, this argument was available at the time of sentencing, and petitioner presented the same argument, without success, in his second application to file a second or successive § 2255 motion. Dkt No. 1-2 at 130-135. He has identified no basis for revisiting this argument in this proceeding. *See Jiminian*, 245 F.3d at 147-48 ("[Section] 2255 is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply

because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion."); *Adams*, 372 F.3d at 135; *Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003) ("'[S]erious constitutional questions' are not raised when AEDPA prevents a prisoner from raising a claim that he or she could have raised on direct review or in an earlier section 2255 motion.")

Petitioner's principle argument is that § 2255 is "inadequate or ineffective to test the legality of his detention" in light of *Mathis*, 136 S. Ct. 2243. The Court concludes that petitioner has also failed to establish that this claim may be properly brought pursuant to § 2241. In *Mathis*, the Supreme Court considered the ACCA's provision for enhanced punishment based on certain predicate offenses, and "confronted the question of whether the lower courts' use of the modified categorical approach was appropriate when the defendant had previously been convicted . . . under a statute . . . that 'list[ed] multiple, alternative means of satisfying one (or more) of its elements.'" *Washington v. United States*, 868 F.3d 64, 65 (2d Cir. 2017) (per curiam) (quoting *Mathis*, 136 S. Ct. at 2248). In doing so, the Supreme Court interpreted a statute (rather than a constitutional provision) and explained that its own precedents "set out the essential rule governing ACCA cases more than a quarter century ago." *Mathis*, 136 S. Ct. at 2251 (citing *Taylor v. United States*, 495 U.S. 575, 601 (1990), and explaining that "[a]ll that counts under the Act, we held then, are 'the elements of the statute of conviction'"). Thus, *Mathis* did not announce a new rule, and "its holding was not based on the Constitution [but rather] on a rule applied for decades." *Washington*, 868 F.3d at 65 (denying petitioner's application to file a second or successive § 2255 motion predicated on *Mathis*).

Consequently, petitioner has failed to establish that he could not have effectively raised his claim at an earlier time, such that § 2255 was an inadequate and ineffective remedy.[3] *Cephas*, 328 F.3d at 104; *see also id.*, at 105 ("But where, as in Cephas's case, petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.").

In sum, the Court lacks jurisdiction to consider petitioner's § 2241 petition. Petitioner does not challenge the execution of his sentence, and he has failed to establish that § 2255 is inadequate or ineffective to test the legality of his detention. *Cephas*, 328 F.3d at 104-05; *Triestman*, 124 F.3d at 363.[4] To the extent that petitioner believes that *Mathis* represents "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" to him, such that a second or successive § 2255 motion is warranted, he must present that argument to the Eleventh Circuit Court of Appeals.

---

[3] The Court is somewhat skeptical that petitioner can satisfy the "actual innocence" prong of the standard under *Triestman* based upon his argument that he is "actually, and/or, legally innocent of being a career offender" for sentencing purposes. Pet. at 6, 7; *see, e.g., Powell v. Schult*, No. 9:09-CV-0657 (TJM), 2010 WL 2008918, at *3 n.1 (N.D.N.Y. May 19, 2010) ("Powell has not claimed in this action that he is actually innocent of the conviction that resulted in his imprisonment."); *see also Cephas*, 328 F.3d at 105 (noting that, under *Triestman*, § 2241 is available to test the legality of a conviction where the prisoner "may *in fact* be innocent *of the crime of conviction* and had no prior effective opportunity to raise his claim") (emphasis added). However, "th[e] Court assumes, without deciding, that [petitioner] may properly assert a claim under § 2241 that only attacks the propriety of the sentence imposed on him, rather than a claim challenging the validity of the underlying conviction." *Powell*, 2010 WL 2008918, at *3 n.1.

[4] In his reply, petitioner relies upon *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), and argues that *Mathis* is a case of "statutory interpretation" which applies retroactively and could not have been invoked "in his first 2255 motion." Reply at 6-8. To the extent that petitioner relies upon the Seventh Circuit's formulation of when the savings clause may be invoked, it simply does not apply here. The Court applies the test articulated by the Second Circuit. *See Cephas*, 328 F.3d at 104-05; *Triestman*, 124 F.3d at 363.

12

28 U.S.C. § 2255(h).[5]

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2);[6] and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties.

Dated:   January 17, 2018
         Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[5] The Court is skeptical that the Eleventh Circuit will be receptive to any such application by petitioner, and therefore concludes that dismissal of the petition, rather than recharacterizing it as a successive § 2255 motion and transferring it to the Eleventh Circuit, is the appropriate disposition. *See, e.g., In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017) (concluding that *Mathis* "did not announce a 'new rule of constitutional law'" but rather "provided guidance to courts in interpreting an existing criminal statute," and denying petitioner's application for leave to file a second or successive motion) (quoting 28 U.S.C. § 2255(h)).

[6] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").